# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BOBBY WOODERSON, *et al.*,

      Plaintiffs,

v.                                   Civ. No. 04-01277  BB/LFG

UNIVERSAL CITY STUDIOS, INC., *et al.*,

      Defendants.

## MEMORANDUM OF RICHARD LINKLATER AND DETOUR FILMS, LLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The arms of the New Mexico's long-arm statute are not long enough to bring Defendants Richard Linklater ("Linklater") and Detour Films, LLC ("Detour Films") to court here.  Neither Linklater nor Detour Films is a resident of New Mexico; neither has an address or telephone number in New Mexico; neither has an office in New Mexico; and neither purposefully directs any business toward New Mexico.  Further, the allegedly defamatory DVD version of the movie *Dazed and Confused* that is the basis for Plaintiffs' lawsuit is not about New Mexico; was not written, filmed, or produced in New Mexico; and does not concern or depict New Mexico, any resident of New Mexico, or events that occurred in New Mexico.  Indeed, Plaintiffs have not sued here because New Mexico is an appropriate venue, but because they cannot sue elsewhere.[1]  Because there is no specific or general personal jurisdiction over Linklater or Detour Films in New Mexico, the Court should dismiss Defendants Linklater and Detour Films under Rule 12(b)(2).

---

[1] Plaintiffs' choice of venue is a clear case of forum shopping.  Having allowed the statute of limitations to expire under the law of the state where they reside, Texas, *see* Tex. Civ. Prac. & Rem. Code § 16.002(a)(2004) (one-year limitations period for libel and slander), they have turned to New Mexico.  *See* NMSA 1978, § 37-1-8 (3-year limitations period for defamation).  Further, to defeat diversity and keep their case in Santa Fe County, they have sued a small, independent video rental store located in Eldorado, New Mexico that stocks *one* copy of the DVD at issue.  *See* Exhibit 5 to Notice of Removal (Affidavit of Allan Crossingham ¶ 3) (filed Nov. 8, 2004) (Dkt. No. 1).

## JURISDICTIONAL FACTS

The following facts are undisputed:

1.       Like all three Plaintiffs, Linklater is a resident of Texas.   *See* Linklater Declaration ("Linklater Declaration) ¶ 4 (attached as Exhibit A to Motion to Dismiss); *see* Complaint ¶ 1 (alleging residence of Plaintiffs).

2.       Detour Films is a Texas corporation.   *See* Linklater Declaration ¶ 10.

3.       At no time has Linklater resided in New Mexico.   *See id.* ¶ 5.   Linklater has only been to New Mexico once in his life, and it was for reasons totally unrelated to the subject matter of the Plaintiffs' lawsuit.   *See id.* ¶ 9.

4.       Linklater does not own any property in New Mexico.   *See id.* ¶ 6.

5.       Linklater does not have an address or a telephone number in New Mexico.   *See id.* ¶ 7.

6.       Linklater does not maintain an office in New Mexico.   *See id.* ¶ 8.

7.       Linklater is an officer and owner of Detour Films.   *See id.* ¶ 10.

8.       Detour Films does not own any property in New Mexico, does not have an office in New Mexico, and does not have an address or telephone number in New Mexico.   *See id.* ¶ 11.

9.       Neither Linklater nor Detour Films expressly conducts or transacts business in New Mexico. *See id.* ¶¶ 8, 12.

10.       Neither Linklater nor Detour Films purposefully, intentionally, or expressly directs or aims any of their business toward New Mexico or its residents as opposed to other states. *See id.* ¶ 12.

11.       Linklater wrote the film *Dazed and Confused*. *See id.* ¶ 13.

12.       *Dazed and Confused* does not concern New Mexico, any resident of New Mexico, or the activities of New Mexico residents. *See id.* ¶ 13.

13.       *Dazed and Confused* was not written, filmed, or produced in New Mexico. *See id.* ¶ 14.

2

14.     *Dazed and Confused* is not set in New Mexico and does not focus on New Mexico in any manner.  *See id.* ¶ 15.

15.     *Dazed and Confused* does not deal with events or activities that occurred in New Mexico. *See id.* ¶ 16.

16.     *Dazed and Confused Dazed* is not directed toward, or written for, a New Mexico audience in particular.  *See id.* ¶¶ 17.

17.     Linklater has no knowledge of any connection between the events or activities depicted in *Dazed and Confused* and the state of New Mexico.  *See id.* ¶ 18.

18.     Linklater and Detour did not and could not reasonably anticipate that they would be sued in New Mexico for the events or activities depicted in *Dazed and Confused*.  *See id.* ¶ 18

19.     Contrary to the allegations of the Complaint, *see* Complaint ¶11 at 4, neither Detour Films nor Linklater is the distributor of the DVD version of *Dazed and Confused*.  *See id.* ¶ 19.

20.     Neither Detour Films nor Linklater have any control over the sale, distribution, or advertising of the *Dazed and Confused* DVD.  Such activities are performed by Universal City Studios, Inc. (now Universal Studios, LLP) and PG Filmed Entertainment Distribution, Inc. (f/k/a Gramercy Pictures, Inc.).  Those entities determine where and how the DVDs will be distributed.  *See id.* at ¶ 19.

21.     Linklater and Detour do not know, and have no way of knowing independently, how many of the *Dazed and Confused* DVDs have been distributed in New Mexico, as opposed to any other state in the United States.  *See id.* ¶ 19.

22.     Linklater and Detour Films are unaware of any proposal to specifically aim or market the *Dazed and Confused* DVD to the New Mexico market, as opposed to any other state's market. *See id.* ¶ 19.

23.     That any of the *Dazed and Confused* DVDs are sold in New Mexico is a matter beyond Linklater and Detour's knowledge and control and is solely the result of unilateral decisions made by others.  *See id.* ¶ 19.

24.     If Linklater and Detour Films are required to defend this case in New Mexico, it would impose unnecessary and extraordinary burdens on them.  *See id.* ¶ 20.

25.     Linklater and Detour Films do not know of any witnesses located in New Mexico who have knowledge about the writing, production, and distribution of *Dazed and Confused*.  *See id.* ¶ 20. The bulk of such witnesses are either in Texas or California.  *See id.*

26.     Linklater and Detour Films know of no documents concerning the making and distribution of the *Dazed and Confused* that are located in New Mexico.  *See id.*  Texas or California would be much more logical and convenient places to have this case determined.  *See id.*

## ARGUMENT

It would offend due process to haul Linklater and Detour Films into New Mexico for this lawsuit.  Not only do Linklater and Detour Films lack sufficient contacts with New Mexico to satisfy the due process requirements of personal jurisdiction, but it would place unreasonable burdens on them if they are forced to defend this action in New Mexico because there is no nexus between subject matter of this lawsuit and New Mexico, virtually all witnesses and most parties reside outside the state, and virtually all of the evidence is located elsewhere.

## I.     PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF.

Once a defendant challenges personal jurisdiction, it is the plaintiff's burden to prove that jurisdiction is appropriate.  *See McKnutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.

4

1984).   A plaintiff cannot meet this burden merely by reciting conclusory allegations that track the language of the forum's long-arm statute.   *See Wenz*, 55 F.3d at 1505 (conclusory allegations are insufficient to fulfill a plaintiff's burden of showing that a court can exercise personal jurisdiction over an out-of-state defendant); *Gomez v. World Institute on Disability*, Civ. No. 97-0733 SC/RLP, Memoradum Opinion and Order at *1 (D.N.M. Jan. 8, 1998) (citing *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994)) ("Conclusory allegations … need not be taken as true.").   Rather, the plaintiff must allege a factual basis for the exercise of personal jurisdiction over *each* defendant; personal jurisdiction cannot be painted over a group of defendants with the stroke of a broad brush.   *See Calder v. Jones,* 465 U.S. 783, 790 ("Each defendant's contacts with the forum State must be assessed individually."); *Moosally v. W.W. Norton & Co., Inc.*, 594 S.E.2d 878, 885 (S.C. Ct. App. 2004) (due process must be met as to each defendant based on their own contacts with the forum state; therefore, when the "fruits of [defendant's] labor – be it in literary or in cinematic form – arrived in South Carolina not through his efforts, but through the efforts of others," they did not "serve as a basis for jurisdiction.").

When a defendant challenges the exercise of personal jurisdiction through the presentation of credible evidence, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue of jurisdiction.   *See Doe v. Nat'l Med. Servs.*, 974 F. 2d 143, 145 (10th Cir. 1992).   Only if the plaintiff is able to raise a genuine dispute with regard to defendant's evidence may the court resolve the factual dispute in favor of the plaintiff.   *See Wenz v. Memery Crystal*, 55 F. 3d at 1505; *Behagen*, 744 F. 2d at 733.

Here, Plaintiffs have failed to meet their burden as to Linklater and also as to Detour Films. Though the complaint alleges jurisdictional allegations specific to Linklater and Detour Films, it does so in purely conclusory fashion.   *See, e.g.,* Complaint ¶¶ 5-6.   The recitation of the phrases copied

from the long-arm statute -- that Defendants have "transacted business" and "committed tortious acts" -- do not establish a well-pleaded factual basis for the exercise of personal jurisdiction. Furthermore, as shown below, Linklater and Detour have challenged all of Plaintiffs' jurisdictional allegations with competent evidence. *See* Declaration of Richard Linklater ("Linklater Decl.") attached as Exhibit A to the Motion to Dismiss.

## II.   IT WOULD OFFEND DUE PROCESS FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER LINKLATER AND DETOUR FILMS.

Plaintiffs must show that the district court has jurisdiction over each foreign defendant under the forum state's long-arm statute and under due process principles. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Because New Mexico's long-arm statute is interpreted liberally so as to permit jurisdiction to the full extent provided by due process, "the necessity of a technical determination of whether the non-resident defendant committed an act enumerated by the long-arm statute has evaporated." *Santa Fe Tech., Inc. v. Argus Networks, Inc.*, 2002-NMCA-30 ¶13, 131 N.M. 772, 779-80. Thus, the elements of personal jurisdiction have essentially collapsed into a due process analysis. *See id.*; *Martin v. First Interstate Bank of California*, 914 F. Supp. 473, 476 (D.N.M. 1995).

The parameters of due process are governed by federal law. *See SGI Air Holdings II LLC v. Novartis Int'l AG*, 239 F. Supp. 2d 1161, 1163 (D. Colo. 2003). Under federal law, the due process test for personal jurisdiction has two essential elements: (1) a "minimum contacts" requirement, and (2) a reasonableness requirement. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1979). As shown below, the Plaintiffs cannot prove either element of due process.

### A.   Linklater and Detour Films Lack Minimum Contacts With New Mexico.

The minimum contacts inquiry protects a defendant from having to defend a lawsuit in a jurisdiction where it has no meaningful contacts. *See Origins Natural Res., Inc. v. Kotler*, 133 F.

Supp.2d 1232, 1235 (D.N.M. 2001) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F. 3d 1086, 1090 (10th Cir. 1998)). A defendant's conduct in connection with the forum must be such that it should reasonably anticipate being haled into court there. *See World-Wide Volkswagon Corp.*, 444 U.S. at 292. To determine whether the plaintiff has established minimum contacts, a court should look at the degree to which a defendant purposefully initiated activity within the state. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Sanchez v. Church of Scientology*, 115 N.M. 660, 664, 857 P. 2d 771, 775 (1993). The required minimum contacts element can be satisfied in two ways: a court may exercise *general jurisdiction* if the defendant has had continuous and systematic contact with the forum state; or a court may exercise *specific jurisdiction* over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *See Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001).

### 1.   There Is No General Jurisdiction Over Linklater or Detour Films.

General jurisdiction arises when a defendant has had "continuous and systematic general business contacts" with the forum such that the defendant could reasonably anticipate being haled into court in that forum. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984). A defendant will have "continuous and systematic" contacts for purposes of general jurisdiction when its contacts establish a deliberate physical presence in the forum state or when its contacts consist of purely economic activities. *See Gator.com Corp. v. L. L. Bean, Inc.*, 341 F.3d 1072, 1077 (9th Cir. 2003). As this Court observed in *Condit v. USA Today*, courts "impose a more stringent minimum contacts test" when determining general jurisdiction "[b]ecause general jurisdiction is not related to the events giving rise to the suit." *Condit v. USA Today*, No. Civ. 03-

00862 BB/LFG, Memorandum Opinion and Order at 6 (D.N.M. Filed Aug. 3, 2004) (quoting *OMI Holdings, Inc.,* 149 F. 3d at 1091).

There is no general jurisdiction over Linklater or Detour Films because neither of them has had continuous and systematic general business contacts with New Mexico.  As established by Richard Linklater's Declaration, Linklater and Detour Films have no "deliberate physical presence" in New Mexico.  They do not own or maintain property here; they have no offices here; they have no telephone number or address here; and they do not transact business here.  *See* Linklater Declaration ¶¶ 5-12.  Thus, general jurisdiction over Linklater and Detour Films must be based on consideration of their "economic activities" in New Mexico.

The only "economic activity" in New Mexico the Complaint mentions with regard to Linklater is that he, as the author and director of *Dazed and Confused* received royalties from the sale of the *Dazed and Confused* DVD "throughout the United States, including … New Mexico."  *See* Complaint ¶ 11.  However, merely writing and directing a movie that is subsequently sold on DVD throughout the United States, including in New Mexico, is insufficient to establish general jurisdiction.  As this Court observed in *Condit*, courts "have been reluctant to find general jurisdiction based on sales alone."  *See Condit, supra,* at 10.  Indeed, based on an examination of the law, this Court has concluded that the circulation of newspapers in the forum -- even on a daily basis -- did not "rise to the level necessary under the Due Process Clause to vest New Mexico courts with general jurisdiction over [the non-resident publisher]."  *Id.* at 12.  This was particularly true where the amount of newspapers circulated in New Mexico was but a fraction of total distribution.  *See id.*

The reasoning of the *Condit* case applies here with even greater force because, as the Complaint acknowledges, neither Linklater nor Detour Films is the distributor of the *Dazed and Confused* DVD.  *See* Linklater Declaration at ¶ 19; *see also* Complaint ¶ 11 (alleging that Linklater

8

assigned distribution rights of the *Dazed and Confused* DVD in New Mexico to the other Defendants).  Linklater and Detour Films do not control distribution of the *Dazed and Confused* DVD.  *See* Linklater Declaration ¶ 19.  Rather, the sale of the *Dazed and Confused* DVD in New Mexico is the result of unilateral decisions made by other entities.  *See id.*  In fact, neither Linklater nor Detour Films has knowledge about, or access to, information that would tell them how many of the *Dazed and Confused* DVDs have been sold in New Mexico as opposed to any other state.  *See* Linklater Declaration ¶ 19.  Further, because *Dazed and Confused* did not concern or relate to New Mexico in any manner, the mere acts of writing and directing it did not cause Linklater or Detour Films to anticipate being sued here.  *See* Linklater Declaration ¶¶ 13-19.

Thus, Linklater and Detour do not have the type of physical presence in New Mexico, and have not engaged in the type of economic activities in New Mexico, that would permit this Court to exercise general jurisdiction over them.

## 2.   There is No Specific Jurisdiction Over Linklater or Detour Films.

Plaintiffs cannot establish specific jurisdiction either.  The test for specific jurisdiction in a defamation case is set forth in *Calder v. Jones*, 465 U.S. at 783.  In *Calder*, a non-resident reporter wrote an allegedly libelous article about a California resident, Shirley Jones, which the *National Enquirer* published and distributed in California, as well as nationwide.  *See id.* at 784-85. Jones brought suit against the non-resident reporter, the editor, and the *National Enquirer* in California.  *See id.* at 785.  In finding that California could properly exercise personal jurisdiction over the defendants, the Supreme Court articulated what has become known as the *Calder* "effects" test:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California.  In sum, California is the focal point both of the story and of the harm suffered. Jurisdiction over petitioners is

therefore proper in California based on the "effects" of their Florida conduct in California.

*Id.* at 788-89. Under this analysis, it was critical that the paper's largest circulation was in California, that the subject of the article resided in California, that the reporter relied on sources in California, and that the defendants knew the "brunt" of the injury would be felt in California. *See id.* at 789-90.

By requiring an allegedly defamed plaintiff to sue in the jurisdiction that has a close connection to the alleged defamation, *Calder* provides a potential libel defendant with a predictable and reasonable means of anticipating where he might be haled into court. Indeed, if the rule were otherwise, a plaintiff could sue a non-resident defendant in whatever state an allegedly defamatory story is circulated, and there would effectively be no limitation on personal jurisdiction. As this Court observed in *Jones v. 3M, Inc.,* 107 F.R.D. 202 (D.N.M. 1984):

> An assertion of personal jurisdiction based on dissemination of information into the forum would have far-reaching results. Sloan-Kettering and Hilaris could be haled into court in any jurisdiction where their research was used and relied upon, irrespective of whether they conducted any other activities in the forum state. Plaintiffs have cited no authority allowing an assertion of personal jurisdiction based on dissemination of information. This Court declines to find jurisdiction on that basis.

*Id.* at 207-08; *see also Moosally,* 594 S.E.2d at 885 ("To hold otherwise would be to extend jurisdiction over anyone interviewed by any publication about any event, no matter where it occurred.").[2]

The *Calder* effects test has been recognized and applied to defamation cases in the Tenth Circuit and elsewhere.[3] In *Burt v. Board of Regents of the Univ. of Nebraska,* 757 F.2d 242 (10th Cir.

---

[2]*See also Impact Productions, Inc. v. Impact Productions, LLC,* 2004 U.S. Dist. LEXIS 21887 at *17 (D. Colo. 2004) (no personal jurisdiction in Colorado where non-resident's only contacts with the forum were a cease and desist letter and "fortuitous" contacts with a separate company that distributed flyers in Colorado); *National Petroleum Marketing, Inc. v. Phoenix Fuel Co., Inc.,* 902 F. Supp. 1459, 1468 (D. Utah 1995) (no personal jurisdiction over Arizona defendants in a Utah defamation case brought by a Utah plaintiff where the Arizona defendant's only involvement was their communication to a New Jersey reporter and the subject libel was published in on news service bulletin distributed to the petroleum industry).

1985), for example, the Tenth Circuit concluded that personal jurisdiction existed over non-resident defendants under *Calder* when the defendants had sent an allegedly defamatory letter directly to the forum state, and the letter had a "calculated injurious effect in the forum state." *Id.* at 244-45.

In *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995), a business torts case, the Tenth Circuit emphasized three aspects of the *Calder* "effects" test. First, mere allegations that an out-of-state defendant committed a business tort that injured a forum resident do "not necessarily establish that the defendant possesses the constitutionally required minimum contacts." *Id.* at 1079. Rather, "[a] court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws." *Id.*[4]  Second, the Tenth Circuit focused on whether the actions giving rise to the suit took place in the forum. *See id.* at 1080. This was important to determining whether the defendants' actions were "expressly aimed at" the forum and whether the forum was "the focal point" of the subject relationship giving rise to the tort. *See id.*

---

[3]*See, e.g., Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) (no personal jurisdiction in Texas over a Massachusetts professor and New York university for an allegedly defamatory article posted on the university's website where the article contained no reference to Texas and "it was not directed at Texas readers as distinguished from readers in other states."); *Young v. New Haven Advocate*, 315 F.3d 256, 264 (4th Cir. 2002) (Virginia plaintiff's defamation suit against a Connecticut newspaper that ran an allegedly defamatory article on its website, did not subject the defendant to personal jurisdiction in Virginia because the article was aimed at a Connecticut audience and the newspaper manifested no intent of targeting Virginia readers); *Salgado v. Les Nouvelles Esthetiques*, 218 F. Supp. 2d 203, 209 (D.P.R. 2002) (no jurisdiction in Puerto Rico in a suit brought by a Puerto Rico plaintiff against a Florida corporation for alleged violation of privacy where the defendants only contact with Puerto Rico was the alleged selling of the subject video there); *Schnapp v. McBride*, 64 F. Supp. 2d 608, 611 (E.D. La. 1998) (no personal jurisdiction in Louisiana over a Wisconsin newspaper in a defamation action brought by a Louisiana plaintiff where the allegedly defamatory article was not "purposefully targeted at [the plaintiff] nor was it aimed at readers in Louisiana.").

[4]*See also IMO Indust., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998) (agreeing with First, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits that jurisdiction under *Calder* requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum; the defendant must "'manifest behavior intentionally targeted at and focused on the forum for *Calder* to be satisfied.'"); *see also Kohnle v. U.S. Telecom, Inc.*, 960 F. Supp. 249 (D. Kan. 1997) (Missouri sales manager's allegedly defamatory telephone call to a New Jersey business owner did not establish jurisdiction over them in Kansas, despite the Kansas plaintiff's contention that her business reputation and career development were harmed in the forum as a result of the call); *Hydro Engineering, Inc. v. Landa, Inc.*, 231 F. Supp. 2d 1130, 1136 (D. Utah 2002) (Oregon corporation's sending mass e-mail concerning a Utah plaintiff that may have been received in Utah did not "pass the *Calder* effects test" where the e-mail was not "targeted at the forum state.")

Third, the Court stated that where the forum state served merely "a fortuitous role," personal jurisdiction was lacking. *See id.*

Applying *Calder* and *Far West Capital*, it is clear that there is no personal jurisdiction over Linklater and Detour Films. The alleged subjects of the *Dazed and Confused* DVD, the Plaintiffs, do live or work in New Mexico; *Dazed and Confused* is not set in New Mexico; *Dazed and Confused* does not concern the residents of New Mexico, or any events or activities that occurred in New Mexico; *Dazed and Confused* was not written, filmed, or produced in New Mexico; and *Dazed and Confused* is not aimed at New Mexico audiences in particular. *See* Linklater Declaration ¶¶ 13-18. Though Plaintiffs allege that they suffered harm in New Mexico, that allegation is not sufficient to establish personal jurisdiction unless the Defendants' actions were directly targeted at New Mexico, which they were not. *See* Linklater Affidavit ¶¶ 12, 17-18. Also, the "brunt" of Plaintiffs' alleged injury is not in New Mexico, but in Texas, where they live and work.

New Mexico has -- at best -- only a "fortuitous role" in this dispute. New Mexico just happens to be one of the many states in which a movie that Linklater wrote was distributed by persons other than Linklater and Detour Films. *See id.* ¶¶ 18-19; *see also American Rescue Team Int'l, supra,* Memo. Opinion and Order at 11 ("None of the alleged tortious acts of conspiracy were targeted or directed at New Mexico more than any other forum where Nikken does business."). Because New Mexico is not the "focal point" of the *Dazed and Confused* DVD or the alleged harm Plaintiffs alleged to have suffered, there is no specific personal jurisdiction over Linklater and Detour Films.

### 3. *Keeton v. Hustler Magazine* is inapplicable because Linklater and Detour did not control distribution of the *Dazed and Confused* DVD.

Plaintiffs may contend that *Keeton v. Hustler Magazine*, 465 U.S. 770 (1984), permits the exercise of personal jurisdiction over Linklater and Detour Films in New Mexico. That case is, however, readily distinguishable and has no application here.

In *Keeton*, a New York plaintiff sued Hustler Magazine, an Ohio corporation with its principal place of business in California, in New Hampshire for libel. The plaintiff's only connection with New Hampshire was the circulation of the magazine in that state. The record in that case demonstrated that Hustler Magazine sold between 10,000 and 15,000 copies of its magazine in New Hampshire every month. *See id.* at 772. Though the plaintiff did not reside in New Hampshire and the bulk of the harm to the plaintiff was not in New Hampshire, the Supreme Court nevertheless found that personal jurisdiction existed in New Hampshire because the defendant-publisher had continuously and deliberately exploited the New Hampshire market. *See id.* at 781.

Unlike Hustler Magazine, Linklater and Detour Films are not national publishers of a monthly publication that is distributed in significant quantities to New Mexico. Further, unlike Hustler Magazine, Linklater and Detour Films did not control distribution of the DVD in New Mexico or anywhere. *See Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990) ("Hall was not the magazine's publisher and did not control its circulation and distribution; thus he is in a qualitatively different position than the defendant in *Keeton*."); *see also* Linklater Declaration ¶ 19. In fact, they do not even know about the DVD's distribution and sales, or have any way of knowing independently how many of the DVDs have been sold in New Mexico as opposed to other state. *See id.* Linklater and Detour Films are not engaged in a "continuous and deliberate exploitation" of the New Mexico market. If a movie they wrote and/or directed (which is not about New Mexico, does not focus in any manner on New Mexico, and is not targeted or directed to New Mexico audiences in particular)

13

makes its way to New Mexico -- along with many other states -- it is only through the unilateral activity of others and is, as to Linklater and Detour Films, completely fortuitous. *See id.* ¶¶ 12-19. This case therefore offers no parallel to *Keeton.*

*In sum*, there is neither general nor specific jurisdiction over Linklater or Detour Films. Linklater and Detour Films do not have a physical presence in New Mexico; they do not expressly direct or aim their business or economic activities at New Mexico; New Mexico is not the "focal point" of the allegedly defamatory DVD; and neither Linklater nor Detour Films controlled distribution of the *Dazed and Confused* DVD. Further, the brunt of harm to the Plaintiffs, if any, was suffered in Texas, where they live and work, not in New Mexico. Under the undisputable facts, Linklater and Detour Films could not have reasonably foreseen being haled into court in New Mexico for the events depicted on the *Dazed and Confused* DVD.

**B.    Exercise Of Personal Jurisdiction Over Linklater And Detour Films In New Mexico Would Be Unreasonable.**

Even if the Plaintiffs could establish that Linklater and Detour Films have sufficient minimum contacts with New Mexico, which they cannot, personal jurisdiction over them would still be lacking. The second half of the due process inquiry requires Plaintiffs to show that personal jurisdiction may be exercised over the defendant without offending traditional notions of fair play and substantial justice. *See Asahi Metal Indus. Co. v. Superior Court of Ca.*, 480 U.S. 102, 113 (1987); *International Shoe Co.*, 326 U.S. at 316; *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Rogers v. 5-Star Management, Inc.*, 946 F. Supp. 907, 912 (D.N.M. 1996). To do so, Plaintiffs must prove that the exercise of personal jurisdiction over a non-resident defendant with minimum contacts would be reasonable. *See OMI Holdings, Inc.*, 149 F.3d at 1091 (citing *Asahi*, 480 U.S. at 113). As this Court recently recognized, the "reasonableness" determination depends on the consideration of five factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiffs' interest in

14

receiving convenient and effective relief, (4) the interstate judicial systems interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *See Condit* at 12-13 (citing *OMI Holdings, Inc.*, 149 F. 3d at 1095 and *Asahi*, 480 U.S. at 113)).   Applying these factors, Plaintiffs cannot establish that the exercise of jurisdiction over Linklater and Detour Films in New Mexico would be reasonable.

### 1.   The burden on Linklater and Detour Films of litigating in New Mexico would be significant.

Because the subject matter of the case has no connection with New Mexico and because Linklater and Detour Films have virtually no contacts with New Mexico, it is unreasonable to to require Linklater and Detour to litigate here.  *See* Linklater Declaration ¶ 20.  Further, none of the witnesses with knowledge of the writing, production, or distribution of *Dazed and Confused* or the DVD is located here.  *See id.*  As a result, any trial of this matter in New Mexico would be hampered by the limits on this Court's ability to subpoena witnesses for trial.  *See* Rule 45(b)(2).  Also, none of the documents regarding the writing and directing of *Dazed and Confused* is located here.  *See id.* Accordingly, the burdens of litigating this dispute in New Mexico would be unreasonable.

### 2.   New Mexico has no significant interest in adjudicating this dispute.

This is a suit brought by Texans that arises from the DVD version of a movie that was filmed and directed in Texas.  *See* Complaint ¶ 1; Linklater Declaration ¶ 14.  The *Dazed and Confused* DVD does not concern New Mexico, its residents, or any event or activity that occurred in New Mexico.  *See* Linklater Declaration ¶¶ 13, 15-16.  New Mexico has no connection with the Plaintiffs or with the subject matter of this case and, as a result, no significant interest in adjudicating it.

      **3.**     **Adjudication of this dispute in New Mexico is inconvenient and ineffective for the Plaintiffs.**

Because the Plaintiffs are all Texas residents (*see* Complaint ¶ 1), most if not all of the persons with knowledge about the creation and distribution of the *Dazed and Confused* DVD reside outside the state (*see* Linklater Declaration ¶ 20; Complaint ¶¶ 2-5, 7), and relevant documents are not maintained in New Mexico (*see* Linklater ¶ 20), New Mexico is plainly an inconvenient forum for the Plaintiffs to litigate this dispute.  As noted above, Plaintiffs will be hampered in their efforts to subpoena witnesses, all of whom are outside New Mexico, and will face the exponential cost of litigating in a foreign forum, including the expense and time it takes to travel.  Indeed, the Plaintiffs' only plausible motive for bringing the suit here is to take advantage of New Mexico's relatively long statute of limitations for defamation actions.  *See, supra,* p. 1, fn. 1.  However, as this Court observed in *Condit*, a statute of limitations analysis has no bearing on the reasonableness of exercising personal jurisdiction over a non-resident defendant:  "[T]he relative statute of limitations of potential forums was not relevant to an analysis of the reasonableness of exercising jurisdiction.  Accordingly, the Court finds that this factor does not weigh in either party's favor."  *See Condit, supra,* at 14. Therefore, the Plaintiffs' desire to exploit New Mexico's favorable statute of limitation does not sway the analysis in their favor.

      **4.**     **The efficient administration of justice would be undermined by litigating his matter in New Mexico.**

This fourth factor concerns whether "the forum state is the most efficient place to litigate this dispute." *Condit, supra,* at 15.  Because New Mexico has no connection to the subject matter of this case, the witnesses, or the documents, it is not the most efficient forum in which to litigate this case. In fact, litigating the case here makes no sense.

5. **The State's interest in furthering fundamental substantive social policies would not be advanced by litigating this case in New Mexico.**

The essential purpose of the fifth factor is to determine whether "the exercise of personal jurisdiction by New Mexico would affect substantive social policy interests of other states or foreign nations." *Condit* at 15. The exercise of personal jurisdiction over Linklater and Detour Films by New Mexico, as opposed to courts in Texas or California, would have no impact on social policy interests. This factor therefore provides no reason to exercise personal jurisdiction in New Mexico.

Thus, on balance, the factors that determine reasonableness weigh strongly against the exercise of personal jurisdiction. In fact, the lack of a connection between New Mexico and this dispute is, as it was in the *Condit* case, "striking." *Condit, supra,* at 15. The exercise of personal jurisdiction over Linklater and Detour Films in New Mexico would therefore violate traditional notions of fair play and substantial justice. The second essential element of due process is unsatisfied and, accordingly, the Court should dismiss the case against Linklater and Detour Films for lack of personal jurisdiction.

## CONCLUSION

The lack of personal jurisdiction over Defendants Linklater and Detour Films has two significant consequences for this case. First, Defendants Linklater and Detour Films should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Second, any attempt by the Plaintiffs to remand this case to state court based on the joinder of Linklater and Detour Films, who are non-diverse Defendants, should be defeated because the joinder was fraudulent. *See Menendez v. Bridgestone/Firestone, Inc.,* Civ. No. 00-904 SC/RLP, Memo. Opinion and Order at 3 (D.N.M. 2000) (examining whether non-resident defendant was fraudulently joined on basis of personal jurisdiction); *Hale v. Mastersoft Int'l Pty. Ltd.,* 93 F. Supp.2d 1108, 1111, 1113-14 (D. Colo. 2000) (evaluating whether court had personal jurisdiction over non-resident defendant to determine whether defendant

fraudulently joined); *Nolan v. The Boeing Co.,* 736 F. Supp. 120, 122 (E.D. Louisiana 1990) (focusing on personal jurisdiction over foreign defendant to determine whether joinder fraudulent for purposes of remand); *see also* Notice of Removal ¶¶ 29-38 (Dkt. No. 1).   Though there are forums that can exercise personal jurisdiction over Mr. Linklater and Detour Films with regard to Plaintiffs' case, New Mexico is not one of them.   The Court should therefore dismiss the complaint as against Defendants Linklater and Detour Films and deny any motion to remand on the basis that Linklater and Detour Films are non-diverse Defendants.

Respectfully submitted,

PEIFER, HANSON & MULLINS, P.A.

By: _____
Charles R. Peifer
Robert H. Hanson
Cerianne L. Mullins
20 First Plaza, Suite 725
P.O. Box 25245
Albuquerque, New Mexico  87125
Telephone:  (505) 247-4800

The undersigned hereby certifies that a copy
of the foregoing Motion was served by first-
class mail upon the following counsel of record:

Bill Robins, III
Heard, Robins, Cloud, Lubel & Greenwood, LLP
300 Paseo de Peralta, Suite 200
Santa Fe, New Mexico  87501

Jim Dines
Dines & Gross, P.C.
6301 Indian School Rd. NE, Suite 900
Albuquerque, New Mexico 87110-8199

Charles K. Purcell
Rodey, Dickason, Sloan, Akin &, Robb, P.A.
P.O. Box 1888
Albuquerque, New Mexico  87103-1888

T. Ernest Freeman
The Freeman Law Firm
1770 St. James Place
Houston, Texas 77084

Jeffery L. Martin, II
Montgomery & Andrews, P.A.
P.O. Box 2307
Santa Fe, New Mexico  87504-2307

18

on this 19th day of November, 2004.

PEIFER, HANSON & MULLINS, P.A.

By: _____
      Cerianne L. Mullins