IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 JAN -5 PM 3:36

BOBBY WOODERSON, ANDY
SLATER and RICHARD "PINK" FLOYD,

    Plaintiffs,

v.

UNIVERSAL CITY STUDIOS, INC., PG
FILMED ENTERTAINMENT
DISTRIBUTION, INC. f/k/a GRAMERCY
PICTURES, INC., ALPHAVILLE, INC.,
DETOUR FILMS, LLC, OUTBACK
VIDEO, INC., and RICHARD
LINKLATER,

    Defendants.

No. 04CV01277 BB/LFG

## DEFENDANTS' UNIVERSAL CITY STUDIOS LLLP'S (f/k/a UNIVERSAL CITY STUDIOS, INC.) AND PG FILMED ENTERTAINMENT DISTRIBUTION, INC.'S (f/k/a GRAMERCY PICTURES, INC.) MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants, Universal City Studios LLLP (f/k/a Universal City Studios, Inc.) and PG Filmed Entertainment Distribution, Inc. (f/k/a Gramercy Pictures, Inc.), (hereinafter "Universal Defendants") by and through their attorneys, Dines & Gross PC (Jim Dines and Gregory P. Williams) and hereby respectfully submit this Motion to Dismiss and Memorandum of Law in Support. Because this Court lacks personal jurisdiction over the Universal Defendants, the Court should dismiss the Universal Defendants under Rule 12(b)(2).

## I. INTRODUCTION

This dispute involves a movie, "Dazed and Confused," which was filmed in Texas in 1992 and released to theaters in 1993. *See* Plaintiffs' Civil Complaint for Damages ("Complaint"), at ¶ 10. (Docket #1, Exhibit 1, Attachment 3) Plaintiffs allege that "Dazed and

Confused" depicts the last day of school at Huntsville High School located in Huntsville, Texas, in May 1976. *See* Complaint ¶ 12. Eleven years after the movie was released, the Texas Plaintiffs decided to file a lawsuit in New Mexico alleging defamation and other causes of action. The Plaintiffs' contention is that the movie was placed in a DVD format and the DVD was released for sale in May 2002. The Plaintiffs do not allege that any of the original movie was changed even by one frame, but instead allege that the DVD format, "differed substantially from the original publication of the film insofar as the DVD was produced in a digital format, and included 'Production Notes', 'Chapters', and a choice of 'Languages'." *See* Complaint ¶ 10. The Plaintiffs do not attribute any specific information contained in these three headings to support the Plaintiffs' causes of action. Nor do the Plaintiffs explain why these headings create a cause of action that did not exist at the time of the original release of the film.

Even if Plaintiffs' claims had any validity, they cannot be litigated in New Mexico. New Mexico has no connection to any of the parties, claims, or defenses in this matter. No party or witness resides here, and the film was not written, filmed or produced in New Mexico. As a result, this court cannot exercise personal jurisdiction over the Universal Defendants, because doing so would offend traditional notions of fair play and substantial justice, and would violate the Due Process clause of the U.S. Constitution.

## JURISDICTIONAL FACTS

1.   Universal City Studios, Inc. (now Universal City Studios LLLP) was incorporated in 1965 and had its principal place of business in Universal City, California. *See* Declaration of Mark Wooster, Exhibit 1 to Defendants' Notice of Removal ("Wooster Declaration"), ¶ 7. (Docket #1).

2.   Universal City Studios LLLP is a limited liability limited partnership that is

2

organized in Delaware and has its principal place of business in Universal City, California. The general partner and the limited liability partner in Universal City Studios LLLP are citizens of states other than New Mexico and Texas. *See* Wooster Declaration, ¶ 7.

3. PG Filmed Entertainment Distribution, Inc. (formerly known as Gramercy Pictures, Inc.) is incorporated in Delaware and has its principal place of business in Universal City, California. *See* Wooster Declaration, ¶ 8.

4. The Universal Defendants do not have a designated agent for service of process in New Mexico. *See* Answer of Universal Defendants, ¶¶ 2(c) and 3(c). (Docket #7).

5. The three Plaintiffs are residents of Huntsville, Texas. *See* Complaint, ¶ 1(1). Huntsville, Texas is a small town on the east side of Texas located about an hour and a half drive north of Houston.

6. The Plaintiffs have not alleged in their Complaint any injury to a New Mexico resident.

7. The film "Dazed and Confused," which was written and directed by Richard Linklater and which is the subject of the lawsuit at issue does not concern New Mexico, any resident of New Mexico, or the activities of New Mexico residents. *See* Declaration of Richard Linklater, Exhibit A to Defendants Linklater and Detour Films, LLC's Motion to Dismiss ("Linklater Declaration"), ¶ 13. (Docket #9).

8. "Dazed and Confused" was not written, shot or produced in New Mexico. The film was shot on location in Austin, Texas. *See* Linklater Declaration ¶ 14.

9. "Dazed and Confused" is not set in New Mexico and does not focus on New Mexico in any manner. *See* Linklater Declaration ¶ 15.

10. "Dazed and Confused" does not deal with events or activities that occurred in

3

New Mexico. *See* Linklater Declaration ¶ 16.

11. "Dazed and Confused" was not directed toward or written for a New Mexico audience in particular. *See* Linklater Declaration ¶ 18.

12. Richard Linklater neither had nor has knowledge of any connection between the events or activities depicted in "Dazed and Confused" and the State of New Mexico. There are no witnesses with any knowledge of the writing and production of the film in New Mexico. *See* Linklater Declaration ¶ 20.

13. Outback Video, Inc., Defendant, is the only named party which is a New Mexico corporation and/or resident. *See* Declaration of Allen Crossingham, Exhibit 5 to Notice of Removal, ¶ 3. (Docket #1). Based upon information and belief, the Plaintiffs have agreed to dismiss with prejudice Defendant Outback Video, Inc. This dismissal will result in no New Mexico corporations or residents being named parties in this lawsuit.

14. The statute of limitations has expired under the law of Texas where the Plaintiffs reside. *See* Tex. CIV Prac. & REM Code §16.002(a) (2004) (1-year limitations for libel and slander). Plaintiffs have turned to New Mexico in a classic case of forum shopping. *See* NMSA 1978, §37-1-8 (3-year limitation for defamation).

### III. LEGAL STANDARD

Plaintiffs brought this suit in the district of New Mexico claiming that suit may be filed here because the DVD was distributed in New Mexico. Even assuming that some DVDs were distributed in New Mexico, the Plaintiffs have the burden of proof to show that the jurisdiction is proper under New Mexico's long-arm statute, and that the exercise of personal jurisdiction pertaining to the Universal Defendants does not offend the Due Process Clause of the United States Constitution. *Martin v. First Interstate Bank of California*, 914 F.Supp. 473, 475 (D.N.M.

4

1995). Case law in New Mexico has interpreted its long-arm statute as "a single search for the outer limits of what due process permits." *Id. at 476* (citation omitted). This court's due process analysis is guided by federal law. *SGI Air Holdings II LLC v. Novartis International AG*, 239 F.Supp.2d 1161, 1163 (D.Colo. 2003).

The elements for personal jurisdiction under the Due Process Clause requires the Court to answer two questions: (1) Are there minimum contacts between the Universal Defendants and the forum state (under either general or specific jurisdiction concepts), and (2) Does the exercise of personal jurisdiction over the Universal Defendants offend "traditional notions of fair play and substantial justice." *Asahi Metal Industry Co. v. Superior Court of California*, 480 US 102, 113 (1987). The second prong of this test is also known as the "reasonableness" inquiry, and examines whether a court's exercise of personal jurisdiction over a defendant is reasonable in light of the circumstances surrounding the case. *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Asahi*, 480 U.S. at 113). The Plaintiffs bear the burden of establishing personal jurisdiction over the Universal Defendants. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

## IV. DISCUSSION

The Universal Defendants do not concede that they have sufficient minimum contacts with New Mexico to allow the first prong of the personal jurisdiction test to be met. As stated above, the Universal Defendants are foreign corporations who do not have a designated agent for service of process in New Mexico, and the mere distribution of some of these DVDs in New Mexico is insufficient to establish minimum contacts for purposes of personal jurisdiction. However, regardless of whether or not there are minimum contacts, this case lacks sufficient connections with New Mexico under the second prong of the personal jurisdiction test to allow

this court to exercise personal jurisdiction over the Universal Defendants. To force the Universal Defendants to litigate this lawsuit in New Mexico is unreasonable and offends "traditional notions of fair play and substantial justice."

This Court, in a recent decision, noted that the second prong of the personal jurisdiction test (the "reasonableness" inquiry) requires an analysis of five factors set forth in *OMI Holdings, Inc. See Carolyn Condit v. USA Today, et al.*, U.S.D.C. (N.M.) No. CIV-03-0862 BB/ACT-LFG, Memorandum Opinion and Order dated August 3, 2004, pages 12-13 (citing *OMI Holdings, Inc.*, 149 F.3d at 1095 which in turn cites to *Asahi*, 480 U.S. at 113). The five factors are (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* As noted in *OMI Holdings, Inc.*, if the five factors are weak, then subjecting the defendant to jurisdiction in that forum would offend due process even if minimum contacts are present. *Id.*

An analysis of these five factors weighs heavily in favor of dismissing the Universal Defendants because due process would otherwise be violated.

**1.     Litigating this dispute in New Mexico will be an undue burden on the Universal Defendants.**

Because this case lacks sufficient connections with New Mexico, the burden on the Universal Defendants litigating this claim in New Mexico is significant. The Universal Defendants will be required to litigate this dispute in a foreign jurisdiction in which none of the witnesses or named parties are located. Rule 45(b)(2) limits the Court's ability to subpoena witnesses for trial and, in essence, all of the parties are going to be required to sustain the substantial cost of transporting those witnesses who may be subject to subpoena for trial. Any

discovery pertaining to documents which form the basis of the writing and directing of "Dazed and Confused" will be conducted in states other than New Mexico. All witness interviews and depositions will be conducted in states other than New Mexico. In essence, the entire discovery in this case will be conducted in several states outside of New Mexico and will not involve New Mexico to any extent. The only connection to New Mexico is the location of the courthouse in which the lawsuit was filed, and the lawyers who will have to travel outside of New Mexico to conduct all necessary discovery.

### 2. New Mexico has no interests in the ultimate resolution of this dispute.

The Plaintiffs are all residents of Texas and are suing the non-New Mexico Defendants based on a DVD version of "Dazed and Confused" that was filmed and directed in Texas. *See* Complaint ¶ 1; Linklater Declaration ¶ 14. The Plaintiffs have not alleged that a single New Mexico resident was injured by this DVD. The Plaintiffs have not specifically alleged that a resident of New Mexico even knows the Plaintiffs in order to determine whether these residents of New Mexico believed "Dazed and Confused" was of and concerning these specific Plaintiffs. The Plaintiffs' Complaint does not allege any connection to New Mexico except for the distribution of some of the DVDs in New Mexico. Richard Linklater, the writer and director of "Dazed and Confused," states that it does not concern New Mexico or its residents and, in fact, that no portion of "Dazed and Confused" even occurred in New Mexico. New Mexico has no interest in this lawsuit.

### 3. It is inconvenient and ineffective for the Plaintiffs to pursue their lawsuit in New Mexico.

The only "convenience" for the Plaintiffs is New Mexico's longer statute of limitations. It is evident that this issue is the sole cause for filing the case in New Mexico, but this reason does not help the Plaintiffs. In the *Condit* decision this Court concluded that the statute of

7

limitations of the forum state did not form any part of the basis for the reasonableness analysis. *See Condit, supra* at ¶ 14. In terms of traditional measures of convenience, New Mexico does not afford the Plaintiffs or any other party a convenient forum in which to litigate their dispute. As with the Universal Defendants, litigating this dispute in New Mexico is inconvenient and ineffective for the Plaintiffs. The Plaintiffs, like the Universal Defendants, will face the same problems of compelling witnesses to testify at trial, the onerous cost of attending all hearings and the trial in New Mexico. The Plaintiffs are all residents of East Texas and none of the Defendants are New Mexico corporations, businesses or residents of New Mexico.

4. **The interstate judicial system's interest in obtaining the most efficient resolution of controversies is not advanced by litigating this dispute in New Mexico rather than in Texas or California.**

The fourth factor in the reasonableness inquiry examines whether New Mexico is the most efficient place to litigate the dispute. In *OMI Holdings, Inc.*, the Tenth Circuit stated that "[k]ey to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." *OMI Holdings, Inc.*, 149 F.3d at 1097 (citations omitted). The Plaintiffs fail on all counts. No witnesses are located in New Mexico; all of the movie was written, filmed and produced outside of New Mexico. It is unclear what substantive law will govern this dispute and the Plaintiffs cannot establish any danger of piecemeal litigation. Litigating this lawsuit in the state of New Mexico is not more efficient than litigating it in Texas or California. In fact, just the opposite is true.

5. **The exercise of personal jurisdiction by New Mexico does not advance substantive social policy interests of other states or foreign nations.**

This factor requires an analysis of the interests of other states and foreign nations, in addition to New Mexico, in advancing fundamental substantive social policies. Analysis of this

8

factor focuses on whether the exercise of personal jurisdiction by New Mexico affects the substantive social policy interests of other states or foreign nations. *OMI Holdings, Inc.*, 149 F.3d at 1095. No social policy interests of any state are advanced by litigating this dispute in New Mexico as opposed to courts in Texas or California. This fifth element does not form a basis for the Court to exercise personal jurisdiction in New Mexico.

## CONCLUSION

Even assuming the distribution of some DVDs of "Dazed and Confused" in New Mexico, the Plaintiffs have not met their burden of proof in satisfying the reasonableness test because the exercise of jurisdiction in this case does not comport with "traditional notions of fair play and substantial justice." *Asahi Metal Ind. v. Superior Court*, 480 US 102, 113 (1987). It is fundamentally unreasonable to allow litigation with such a striking lack of connection to the forum state. For these reasons the Court should dismiss the Plaintiffs' Complaint for damages based upon a lack of personal jurisdiction over the Universal Defendants.

Respectfully submitted,
DINES & GROSS PC

By_____
Jim Dines
Gregory P. Williams
6301 Indian School Road N.E., Suite 900
Albuquerque, NM 87110
(505) 889-4050

I hereby certify that a true and correct copy of the foregoing was mailed on this 5th day of January, 2005 to:

| | | |
|---|---|---|
| Bill Robins III | Charles R. Peifer | T. Ernest Freeman |
| David Sandoval | Cerianne L. Mullins | The Freeman Law Firm |
| Heard, Robins, Cloud, Lubel | Peifer, Hanson & Mullins, P.A. | 1770 St. James Place |
| & Greenwood, LLP | 20 First Plaza, Suite 725 | Houston, TX 77084 |
| 300 Paseo de Peralta, Suite 200 | P.O. Box 25245 | |
| Santa Fe, NM 87501 | Albuquerque, NM 87125 | |

Walter J. Melendres  
Jeffrey Lynn Martin II  
Montgomery & Andrews PA  
P.O. Box 2307  
Santa Fe, NM 87504-2307

Charles K. Purcell  
Rodey Law Firm  
P.O. Box 1888  
Albuquerque, NM 87103

_____  
Jim Dines